```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
```
**PHILIP CAFFREY,**

        Plaintiff,                    06 Civ 12923

    -against-                    **COMPLAINT**

                                               **JURY DEMAND**

**THYSSENKRUPP ELEVATOR ,**

        Defendant.

```
--------------------------------X
```

    Plaintiff, PHILIP CAFFREY, by his attorneys, Mauro & Guzzardo, LLP, as and for his Complaint, respectively alleges as follows:

## I. JURISDICTION

    1.   Jurisdiction as to the First and Second Causes of Action herein, arising under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Sec. 620, et seq., ("ADEA"), is conferred upon this Court by Sec. 626(d) thereof; declaratory relief is authorized by 28 U.S.C. § 2201 and 2202. Jurisdiction as to the Third and Fourth Causes of Action, arising under the New York City Human Rights Law ("HRL"), § 8-107.1(a) and 8-502 thereof, is conferred upon this Court by and under the principles of supplemental jurisdiction, as set forth in 28 U.S.C. Sec. 1367.

## II. PARTIES

    2.   Defendant, ThyssenKrupp Elevator ("ThyssenKrupp" or "Defendant"), is, upon information and belief, a domestic corporation, with offices at 494 8th Avenue, 11th Floor, New York, New York. ThyssenKrupp is an "employer" within the meaning of

both the ADEA and HRL. Venue is properly laid in the Southern District of New York in that Defendant has locations within said venue and the causes of action arose therein.

3. Plaintiff, Philip Caffrey ("Caffrey" or "Plaintiff"), was born on February 24, 1947, and is presently 59 years of age. On or about March 27, 1972 Plaintiff became employed by ThyssenKrupp as a Service Mechanic.

4. On or about February 27, 2006, Plaintiff was involuntarily terminated from his employment at ThyseenKrupp.

### III.   ADMINISTRATIVE PROCEDURES

5. On or about May 10, 2006 within the time prescribed by the ADEA, Plaintiff duly filed with the Equal Employment Opportunity Commission ("EEOC") a charge of age discrimination against ThyssenKrupp under ADEA.

6. In substance, the EEOC charge claimed, <u>inter alia</u>, that ThyssenKrupp had engaged in discrimination against Plaintiff by, <u>inter alia</u>, creating, condoning and fostering a hostile work environment on account of age and terminating him because of his age. On or about August 11, 2006 the EEOC issued to Plaintiff a "Notice of Right to Sue" letter (exhibit "A" hereto).

### IV.   STATEMENT OF THE CLAIM

7. From on or about March 27, 1972 to on or about February 27, 2006, Plaintiff was employed by ThyssenKrupp as a Service Mechanic.

8. At all times herein pertinent, Plaintiff's work performance was satisfactory.

9. From in or about June 2005, the management at ThyssenKrupp began to promote a hostile work environment on account of age, in an attempt to force the Plaintiff and the other older workers to retire.  Said actions consisted of, but are not limited to, the following:

   a.   Thomas Slattery, Service Field Manager, stated to Plaintiff, "Why can't you move faster, get things done a little quicker, my grandmother moves faster than you";

   b.   David Mann, Repair Supervisor, stated to Plaintiff, "Why don't you take your pension, so you don't have to put up with all this crap?";

   c.   Rob Isabelle, Northeast Regional President, stated to Robert Bramen, VP of Construction, in front of Plaintiff, "We don't like hiring anyone over fifty (50), they are not productive enough" and;

   d.   Steven Urgo, Service Mechanic, stated to Plaintiff during a meeting attended by at least two (2) supervisors, "Get off the night list, go run an elevator somewhere, take your pension and let a younger guy get the overtime".

   e.   Andrew Koontz, Office Manager, told Sean Austin, Union Shop Steward, "We want Phil Caffrey and Ralph Gadino off the overtime list." (Phil Caffrey and Ralph Gadino were the oldest employees on the overtime list.)

   10.  Besides the age biased comments above, Thyssen also

treated the Plaintiff and other older workers differently than the younger workers. Plaintiff and other older workers were subject to micro-management and were disciplined for conduct younger workers routinely engaged in without any disciplinary consequences.

11.   In or about June 2005, Plaintiff complained to management about the hostile work environment. Thereafter, starting in October 2005, Plaintiff's supervisor began to "write" Plaintiff up for minor incidents that had never before warranted such treatment.

12.   After over thirty-three (33) years of service without even one "write-up" in Plaintiff's file, Plaintiff was disciplined and given four (4) "write-ups" in less than five (5) months.

13.   On or about February 27, 2006, Frank Campione terminated Plaintiff.  Immediately thereafter, Plaintiff was replaced by someone twenty-five (25) years his junior.

14.   Upon information and belief, Plaintiff was terminated because of his age and in retaliation for his complaint about a hostile work environment on account of age.

15.   As a result of the termination of his employment, Plaintiff has lost substantial wages and earnings and has suffered mental anguish and distress.

## V.   FIRST CAUSE OF ACTION

16.   Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 7 through 15 inclusive,

as though set forth fully herein.

17.     ThyssenKrupp Elevator's actions in creating, condoning and fostering a hostile work environment on account of age were willful and in violation of rights secured to Plaintiff by Secs. 623(a) (1) and (2) of the ADEA.

### VI.     SECOND CAUSE OF ACTION

18.     ThyssenKrupp Elevator's actions in involuntarily terminating Plaintiff, as described in Paragraphs 7 through 15 inclusive, were willful and based upon age-related and retaliatory reasons, in violation of rights secured to Plaintiff by § 623(a) (1) and (2) of the ADEA.

### VII.    THIRD CAUSE OF ACTION

19.     Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 7 through 15 inclusive, as though set forth fully herein.

20.     ThyssenKrupp Elevator's actions in creating, condoning and fostering a hostile work environment on account of age were willful and in violation of rights secured to Plaintiff by Secs. 8-107.1(a) and 8-107.13 of the HRL.

### VIII.   FOURTH CAUSE OF ACTION

21.     Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 7 through 15 inclusive, as though set forth fully herein.

22.     ThyssenKrupp Elevator's actions in involuntarily

terminating Plaintiff, as described in Paragraphs 7 through 15 inclusive, were willful and based upon age-related and retaliatory reasons in violation of rights secured to Plaintiff by § 8-107.1(a) and 8-107.13 of the HRL.

### IX.  PRAYER

**WHEREFORE**, Plaintiff asks for judgment on his First, Second Third and Fourth Causes of Action, seeks relief and respectfully prays that this Court grant or award the following:

a.   A declaratory judgment, pursuant to 28 U.S.C. Sec. 2201 and 2202, determining that ThyssenKrupp Elevator's acts and practices, as set forth in the First, Second and Third Causes of Action herein, were in violation of Plaintiff's rights under the ADEA and the HRL.

b.   Affirmative relief for the Plaintiff directing his reinstatement to his former or comparable position at ThyssenKrupp Elevator, at the rate of salary and other remunerations and benefits then applicable to the said position.  Following such reinstatement, further affirmative relief affording Plaintiff the same opportunities regarding salary, job security, job assignments and promotions as are available to younger employees of ThyssenKrupp Elevator, as well as for such other and affirmative relief as may be necessary to redress the effects of ThyssenKrupp Elevator's past age discriminatory employment acts and practices;

c.   A money judgment award in favor of Plaintiff and

against ThyssenKrupp Elevator in an amount to be determined at trial: (i) for all out-of-pocket pecuniary losses which Plaintiff has incurred from date of termination to date of trial as a result of his being discriminated against, including back pay, lost fringe and pension benefits and for such other out-of-pocket expenses incurred and computed with interest from February 27, 2006, to the date of trial; and (ii) for all other sums to which Plaintiff shall hereafter be entitled to, from and after the date of trial, to the date he elects to retire, with respect to all of his claims for forward pay and lost fringe and pension benefits;

      d.  A money judgment award with respect to Plaintiff's losses, under the ADEA, as liquidated damages, for an additional sum equal to the amount computed in accordance with sub-paragraph (c) herein, as provided by 29 U.S.C. Sec. 216(b), to the extent ThyssenKrupp Elevator's violations are found to have been willful;

      e.  A money judgment, in an amount to be determined at trial, for the mental distress anguish, pain and suffering experienced by Plaintiff as a result of ThyssenKrupp Elevator's employment practices and activities, as provided for by the HRL;

      f.  A money judgment award with respect to Plaintiff's losses under Sec. 8-120(8) and 8-502(a) of the HRL, as punitive damages, to the extent ThyssenKrupp Elevator's violations are found to have been willful and/or in reckless disregard of the rights of Plaintiff;

      g.  An allowance for the Plaintiff's costs and disbursements incurred in the prosecution of this action,

including his reasonable attorney's fees, and interest;

  h. Retain jurisdiction over this action until ThyssenKurpp Elevator has fully complied with the orders of this Court, and require it to file such reports as the Court deems necessary to evaluate such compliance; and

  i. Such other and further equitable and affirmative relief as to the Court may seem just and proper in the circumstances.

Dated: Jericho, New York
    November 1, 2006    Yours, etc.,

            **MAURO & GUZZARDO, LLP**
            Attorneys for Plaintiff
            181 Jericho Turnpike
            Suite 302
            Jericho, New York 11753
            (516) 333-2015

            By:_____
             Eden Fitzgibbons Mauro
              (EF-5296)

  **PLEASE TAKE NOTICE** that Plaintiff herewith demands trial by jury as to all issues so triable in this action.

            By:_____
             Eden Fitzgibbons Mauro
              (EF-5296)